Edward B. Leigh et al.

v.

The National Hollow. Brake-Beam Company et al.

*Opinion filed October 23, 1906—Rehearing denied Dec. 12, 1906.*

1. Res judicata—*when question of ownership of stock is res judicata.* A determination by the Supreme Court of the question of the ownership of certain stock as between two parties, which was a controlling fact in the case, is *res judicata* of that question, as between such parties, in a subsequent suit if the adjudication is properly presented, regardless of whether or not the cause of action is the same in both suits.

2. Estoppel—*party is estopped to shift ground after adverse decision.* One who begins a suit upon the theory that certain shares of stock in a corporation are owned jointly by himself and another party, cannot, after the Supreme Court in another case has decided that the other party is the exclusive owner of the stock, shift his ground and seek to establish that the latter holds the stock in trust for the corporation.

3. Corporations—*when party cannot ask for forfeiture of charter.* An officer of a corporation who has, with full knowledge, been a party to all of its illegal acts is in no position to come into a court of equity and ask for a forfeiture of the charter of the corporation, which had been obliged to ask for the appointment of a receiver for itself because of the conduct of such officer.

4. Evidence—*when judgment and decree in other suits are admissible.* Upon the hearing of a cross-bill in a corporation receivership proceeding, where the cross-complainant seeks a forfeiture of the corporation's charter and a division of its assets, judgments and decrees in other suits tending to show that the receivership proceeding was rendered necessary by the wrongful acts of the cross-complainant, acting as an officer of the corporation, are admissible in evidence.

5. Costs—*costs, in chancery, are largely discretionary with the trial court.* The question of the distribution of the costs in a chancery proceeding is largely a matter of discretion with the trial court, and a court of review will not interfere unless such discretion has been abused.

Appeal from the Circuit Court of Cook county; the Hon. F. A. Smith, Judge, presiding.

PENCE & CARPENTER, DAVID S. GEER, and JOHN P. AHRENS, for appellants.

DEFREES, BRACE & RITTER, and SHOPE, MATHIS, ZANE & WEBER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The original bill in this case was filed in the circuit court of Cook county by the National Hollow Brake-Beam Company against Edward B. Leigh and others June 16, 1902, asking for the appointment of a receiver for itself without notice, and also that certain persons be enjoined from acting as secretary and treasurer and directors of the company. The same day a receiver was appointed, with power to collect the property, choses in action and effects of the company, and he thereupon entered upon the duties of his office and proceeded to administer the same under the direction of the court. Defendants answered June 23, 1902, setting forth, among other matters, the ownership by Leigh of one-half of 26,223 shares of stock of said National Hollow Brake-Beam Company. Henry D. Laughlin in December, 1902, joined as complainant in said bill. November 7, 1904, Leigh filed his second amended and supplemental cross-bill, setting forth, among other matters, that the company was not a going concern and its assets should be divided among the lawful stockholders, excluding the 26,223 shares in dispute; that the said Leigh and Laughlin were substantially the sole owners of the stock and assets of said National Hollow Brake-Beam Company. Defendants John P. Ahrens and David S. Geer also filed a cross-bill setting up substantially the same facts as are set up in the second amended cross-bill of Leigh. No point is made on the first amended cross-bill of Leigh. Demurrers were filed by appellees to Leigh's second amended cross-bill and to the cross-bill of Ahrens and Geer. The court sustained both demurrers.

After hearing, the court entered a decree in favor of said company, which, among other findings, perpetually enjoined Edward B. Leigh from acting as secretary and treasurer and John P. Ahrens and David S. Geer from acting as directors by virtue of a pretended election held May 13, 1902. The decree further finds that the proceeding and receivership were made necessary by the wrongful claims of Leigh, and ordered that he pay $4000 allowed the receiver and his attorney; and also finds that while acting as treasurer of said company the said Leigh wrongfully withdrew from the funds and converted the sum of $7021.25; and further finds that the Chicago Railway Equipment Company is indebted to appellee company in the sum of $19,624.50, by reason of the fact that said Leigh had theretofore, as general manager and treasurer of said Chicago Railway Equipment Company, wrongfully undertaken to pay to himself, as treasurer of said complainant company, the sum of $13,500 in worthless notes and commercial paper, but the court makes no orders with reference to the last two findings. The appeal was brought directly to this court from the circuit court. The cross-bills asked the forfeiture of the franchise of the appellee company for non-user.

The record in the case is voluminous, occupying nearly eight hundred pages, and the facts set forth in the pleadings are very complex and involve a long series of transactions between the former close personal friends and business associates, Laughlin and Leigh, and the National Hollow Brake-Beam Company and the Chicago Railway Equipment Company, of which they were principal owners, as well as much litigation concerning the same. The greater part of the important facts connected with this case are set out at length in *Laughlin* v. *Leigh,* 112 Ill. App. 119, and on appeal of the same case to this court in *Leigh* v. *Laughlin,* 211 Ill. 192, and need not be here repeated.

The main issues in this case arise out of the question as to who were the legally elected secretary and treasurer

and who were the legally elected directors of the National
Hollow Brake-Beam Company at the date this bill was filed.
This question hinges, in its turn, upon the ownership of the
26,223 shares of stock, which was the chief subject of con-
tention in *Leigh v. Laughlin, supra*. It is undisputed that
prior to May 13, 1902, the board of directors consisted of
E. A. Laughlin, J. L. Calhoun, Edward B. Leigh, Henry S.
Burkhart, Henry B. Laughlin, Gwynn Garnett and Robert
H. Kern; that Garnett resigned and the terms of Calhoun
and E. A. Laughlin expired, and that E. A. Laughlin was
elected to succeed himself. There is a direct disagreement
as to who was elected to fill the other two vacancies, appel-
lees claiming that Owen H. Fay was elected to succeed Gar-
nett and William F. Tichenor to succeed Calhoun, and that
the faction represented by these directors proceeded to elect
Henry D. Laughlin president, E. A. Laughlin vice-presi-
dent and Smith E. Allison secretary and treasurer. Appel-
lants contend that John P. Ahrens was elected to succeed
Garnett, David S. Geer to succeed Calhoun, and that the
directors represented by this faction then proceeded to elect
Henry S. Burkhart president, David S. Geer vice-president
and Edward B. Leigh secretary and treasurer.

The crucial point, as has been said, is the ownership
of the 26,223 shares of the National Hollow Brake-Beam
Company. Appellants, in their original answer, asserted
that one-half, or 13,111 shares, of said stock belonged to
Leigh. It is evident that that was the contention of Leigh
from the very beginning of the controversy between him
and Laughlin until after the rehearing in *Leigh v. Laugh-
lin, supra*, was denied by this court, October 17, 1904, when
he for the first time shifted his claim in that regard. As we
understand arguments of counsel and the statements in the
cross-bill, appellants now contend that Laughlin, instead of
being the owner of said 26,223 shares of stock, having used
the assets of the National Hollow Brake-Beam Company
for purchasing them, holds them in trust for that corpora-

tion. If Laughlin is the legal owner and had the right to vote the 26,223 shares of stock, then the so-called Laughlin board of directors was legally organized. It is true that appellants assert in their argument that there is no proof that this board was legally organized, but all of the pleadings and evidence in this case, together with the arguments, fully support the claim that it was, if Laughlin legally controlled and voted the 26,223 shares of stock.

With numerous citations of authorities and a wealth of learning that is a credit to their powers of research, counsel for the appellants have attempted to show that this court in *Leigh* v. *Laughlin, supra,* did not decide that Laughlin was the actual owner of these shares of stock. The decision in that case, they say, did not attempt to "breathe the breath of life into these certificates of stock." They claim that that decision merely held that Leigh failed to establish a contract that he was entitled to possession of one-half of said shares; that the court did not attempt to decide whether those shares were "living or dead;" that it only determined that Leigh was not entitled "to the physical possession of one-half of said stock." In the face of the reasoning in that decision, taken in connection with the decision in the same case by the Appellate Court, *supra,* the conclusions in which latter case are upheld by this court in *Leigh* v. *Laughlin, supra,* it is difficult to understand how appellants can seriously contend that that decision does not settle the ownership of this stock. The cross-bills of appellants contend that Leigh and Laughlin are the sole owners of substantially all the stock and assets of the said National Hollow Brake-Beam Company. That averment seems to be borne out by the record in this case. If that be so, then if the contention in appellants' argument and cross-bills be upheld and the said 26,223 shares of stock belong to the corporation, Leigh and Laughlin will be the owners of substantially all of said stock, and if that contention be upheld Leigh would indirectly accomplish what he attempted to accomplish di-

rectly in the former suit of *Leigh* v. *Laughlin, supra,* and he is forced to admit that this court has decided that he, Leigh, is not entitled to one-half of this stock.

If the ownership of this stock was decided to belong to Laughlin in *Leigh* v. *Laughlin, supra,* then the chief question in this case is *res judicata.* Appellants assert that it cannot be so held because the parties to this suit are not the same as the parties to *Leigh* v. *Laughlin* and that the issues are not the same. If Laughlin and Leigh were the owners of substantially all the stock of the National Hollow Brake-Beam Company, then the controlling fact in this suit, as in the former suit, affects, in reality, only these two, and it is well settled that where some controlling fact or question material to the determination of both causes has been adjudicated in a former suit before a court of competent jurisdiction and the same question is again at issue between the parties, its adjudication in the first case, if properly presented, will be conclusive of the same question in the latter suit, irrespective of the question whether or not the cause of action be the same in both suits. (*Theological Seminary* v. *People,* 189 Ill. 439; *Lusk* v. *City of Chicago,* 211 id. 183; *Brack* v. *Boyd,* id. 290; *Merrifield* v. *Canal Commissioners,* 212 id. 456.) Not only do the cross-bills assert that Leigh and Laughlin are the owners of substantially all the stock of the National Hollow Brake-Beam Company, but one of the chief errors now urged by them is, that the trial court refused to permit them to prove, among other things, their offer that Laughlin and Leigh were in equity the sole stockholders of the National Hollow Brake-Beam Company. The ownership of the 26,223 shares of stock was also the controlling fact in *Leigh* v. *Laughlin, supra.* Laughlin had to uphold his contention in the former suit by the strength of his own title, not only as against Leigh but against everyone else. Leigh is estopped in the present hearing from attempting to show that these shares belonged to the National Hollow Brake-Beam Company instead of Laughlin. He should

224—6

have urged that in the former suit between him and Laughlin, admitting it to be the fact. (*Lusk* v. *City of Chicago, supra.*) This court held in *Leigh* v. *Laughlin, supra,* not only that Leigh was not entitled to the physical possession of one-half of this stock, but that the actual ownership was in Laughlin. The present case was started some two years before the decision in the former suit. Appellant Leigh is estopped from shifting his ground as to the ownership of the disputed shares of stock after that decision was handed down. The ownership of these shares of stock was finally settled in the former case of *Leigh* v. *Laughlin, supra,* and this court cannot permit that question to be reviewed in this case. Laughlin being the owner of this stock, he was entitled to vote it in the transaction of all business of the corporation. The so-called Laughlin directors were therefore a legally constituted body. The main charges in the cross-bills of appellants thus have no solid foundation upon which to stand. All other controverted facts in the record are so interwoven with the controlling point,—the ownership of said 26,223 shares of stock,—that they must stand or fall by the decision of this chief controverted fact.

Appellant Leigh is in no position to ask for a forfeiture of the charter of the National Hollow Brake-Beam Company on account of the abandonment of its corporate existence. He has been an official of that company and a party to all of its alleged illegal acts from the very outset. No one had a fuller knowledge or was more active as an officer or stockholder for the carrying on of said alleged illegal acts than he himself. On this account he has set up nothing in his cross-bill on this point that entitles him to relief. The general rule stated by this court in *Coquard* v. *National Linseed Oil Co.* 171 Ill. 480, that the complainant must be free from participation in the illegality or wrong of which he complains, is conclusive against him on this point. For substantially the same reason the other appellants cannot complain in this regard. The question of accounting between

Leigh and Laughlin as to many of their transactions covering years, as raised in the cross-bill, was not germane to the questions presented in the original bill. The decree should have dismissed Leigh's amended and supplemental cross-bill for that reason, and not for want of equity.

It is also complained that the trial court erred in permitting to be offered in evidence the decree of the circuit court of Cook county showing that the Chicago Railway Equipment Company owed the National Hollow Brake-Beam Company $19,624.50, and erred in permitting to be introduced in evidence the decree in another suit which showed that appellant Leigh had wrongfully withdrawn from the funds of said National Hollow Brake-Beam Company the sum of $7021.25. The court permitted these decrees and certain judgments to be offered in evidence because it was claimed that they tended to show that Leigh by his actions had made necessary the appointment of a receiver in this proceeding. We do not think so admitting them was error.

Appellants further strenuously insist that the finding of the trial court that the costs in this proceeding should be charged to Leigh is erroneous. In chancery suits the question of costs rests largely in the discretion of the trial judge. While this is a judicial discretion, reviewable by the courts of appellate jurisdiction if it is abused, ordinarily the conclusions of the trial judge are accepted as final. *Askew* v. *Springer,* 111 Ill. 662; *Carroll* v. *Tomlinson,* 192 id. 398; *Highley* v. *Deane,* 168 id. 266; *Link Belt Machinery Co.* v. *Hughes,* 195 id. 413.

We believe the decree of the circuit court is upheld by the facts as shown on this record and is in accord with the law, except as to dismissing the amended and supplemental cross-bill of appellant Leigh for want of equity. The decree will be modified in this respect so as to read, "the amended and supplemental cross-bill of Edward B. Leigh be and the same is hereby dismissed for want of jurisdiction." The decree as thus modified is affirmed.

*Decree modified and affirmed.*