Casimir T. Dryz, Plaintiff-Appellant, v. June Bol, Formerly Known as June Dryz, Defendant-Appellee.

Gen. No. 47,428.

First District, Third Division.
November 5, 1958.
Rehearing denied December 3, 1958.
Released for publication December 3, 1958.

Dowd & Dowd, of Chicago (Edward Dowd, George T. Murphy, Jr., of counsel) for plaintiff-appellant.

McDermott, Will & Emery, of Chicago (Richard S. Kelly, of counsel) for defendant-appellee.

JUSTICE BURKE delivered the opinion of the court.

Plaintiff filed a complaint in equity against his former wife to establish a resulting trust in real estate situated in Cook County. He alleges that he purchased

the realty with his own funds and caused the premises to be conveyed to the defendant, title to be held by her as trustee for the use and benefit of plaintiff, and that when he requested her to convey the premises to him she refused to do so. The defendant filed a motion to dismiss on the grounds that the action was not commenced within the time limited by law, and that it is barred by a prior judgment. Having withdrawn the motion, pursuant to the order of court, she filed an answer which denies that the real estate was purchased with his funds but was purchased with the joint funds of plaintiff and defendant, and that he made a gift of his half interest in the premises to her. The second defense stated that plaintiff's claim was barred by a decree entered in 1935 in a divorce action brought by her against him in the Circuit Court of Kenosha County, Wisconsin. As exhibits to the second and succeeding defenses of the answer, defendant attached certified copies of the pleadings and proceedings in the divorce case. The third defense stated that the parties entered into an agreement concerning all of their respective claims against each other's property, which operated as a stipulation in the divorce case and which agreement as performed was accepted by the plaintiff in accord and satisfaction of his claim herein. The fourth defense stated that plaintiff was estopped from asserting his present claim by his failure to assert it prior to the execution of the stipulation and during the pendency of the divorce case. This defense further stated that, relying on such conduct, defendant entered into the agreement and consented to the decree which, among other things, denied defendant any alimony, reflecting defendant's waiver thereof. The fifth defense stated that plaintiff was guilty of laches in not commencing the present action within a reasonable time, since defendant took title in 1928 and plaintiff asserted no claim to the property

until at least 1955. Meanwhile, defendant was prejudiced by her waiver of alimony and her consent to the above proceedings. The court sustained defendant's motion for a decree on the pleadings under the provisions of Section 45 of the Civil Practice Act and ordered that the complaint be dismissed for want of equity. Plaintiff appeals.

██ Defendant served the plaintiff with a notice that she would present a motion for judgment (decree) on the pleadings. The motion was stated and entered by the court. By leave of court the defendant filed a written memorandum outlining the grounds on which she relied. Pursuant to leave granted to the plaintiff, he filed a written memorandum outlining his contentions in opposition to defendant's motion. The first point urged by plaintiff is that the chancellor committed reversible error in sustaining defendant's motion in that it was not in writing and did not specifically point out wherein the complaint is defective. Paragraph 5 of Section 45 of the Practice Act provides that a party may seasonably move for judgment on the pleadings. A motion for judgment on the pleadings admits the truth of all well pleaded facts in the pleadings of the opposing party, together with all fair inferences to be drawn therefrom. The party moving for judgment on the pleadings also admits the untruth of his own allegations in so far as they have been controverted. The motion admits only facts well pleaded and not mere conclusions. 71 C. J. S., Sec. 426, Pleading, p. 866. The defendant filed a ten page memorandum which stated the defenses and the arguments in support of the motion. The plaintiff filed a five page memorandum containing answering arguments concerning each of the defenses to which the motion related. There was a substantial compliance with the provisions of Section 45 of the Practice Act. Paragraph 3 of Section 42 of the Practice Act provides that all

■■■■■■■ .

defects in pleadings, either in form or substance not objected to in the trial court, are waived. There is no merit in plaintiff's point. Nor do we see any merit in plaintiff's second point that it was reversible error for the chancellor to sustain defendant's motion after she withdrew her motion to dismiss. The raising by defendant of certain matters in her motion to dismiss, which was withdrawn and not ruled upon by the chancellor, did not preclude the subsequent raising of such matters in her answer.

■ We turn to a consideration of plaintiff's contention that the decree in the divorce case does not operate as a bar to the relief prayed in the instant case. Defendant maintains that the record establishes her defense of estoppel by the decree in the divorce action in 1935. In the divorce case the court did not expressly adjudicate the controversy presented in the instant case. A careful reading of the pleadings, stipulation, findings and decree in the divorce case convinces us that the parties intended to bring and brought before the court the question of the disposition of all property in which they both had a possible claim or interest. We conclude that the court in the divorce case decided the matter at issue in the instant case. The failure of the court in that case to specifically mention the question at issue in the instant case does not impair the application of the doctrine of estoppel by decree. City of Elmhurst v. Kegerreis, 392 Ill. 195, 208.

■ We are of the opinion that the further defense of accord and satisfaction is supported by the record. The only reasonable construction of the stipulation in the divorce case, which formed the basis for the finding and decree relative to property rights and the waiver of alimony, is that it enumerated all the property to which both parties had a possible claim or interest, and therefore necessarily implied that the plaintiff herein had no claim or interest to the realty

410

in question since such property was not enumerated in the stipulation.

██ The plaintiff urges that the chancellor erred in sustaining the defenses of equitable estoppel and laches. The plaintiff failed to assert his claim to the real estate prior to the execution of the stipulation or during the pendency of the divorce suit. Relying on such conduct the defendant entered into the stipulation relative to her property rights, which resulted in the waiver by her of her rights to alimony from the plaintiff. The record also sustains the defense of laches. The defendant took title to the real estate on or about December 15, 1928. Plaintiff asserted no claim thereto until at least 1955. Meanwhile, the defendant to her prejudice waived her claim against the plaintiff for alimony. The reply of the plaintiff did not raise any issue of fact.

For the reasons stated the decree of the Superior Court of Cook County is affirmed.

FRIEND, P. J. and BRYANT, J., concur.

Decree affirmed.