ANGELINA RANEY, Plaintiff-Appellee, *v.* PATRICK RANEY, Defendant-Appellant.

(No. 59742; )

First District (5th Division)—July 26, 1974.

Wisch and Dyer, of Chicago (Dinah B. Dyer, of counsel), for appellant.

Daniel Nagle, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order requiring the payment of $2,858.00

to plaintiff following a hearing on a post-divorce decree petition filed by plaintiff, in which she sought payments from defendant pursuant to the provisions of a property settlement agreement incorporated into the 1969 divorce decree.

The plaintiff has not seen fit to appear as appellee or to file a brief. Under such circumstances a reviewing court may reverse without considering the case in detail or it may consider and determine the case on its merits. (*Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 275, 254 N.E.2d 814.) We chose the latter.

Initially, we note that paragraph 7 of the decree placed the following responsibility upon defendant:

> "7. During the course of the parties marriage, the Husband incurred several debts and obligations which resulted in liens being placed on the real estate commonly known as 14716 Kenwood, Dolton, Illinois. That the Husband shall pay all of these claims and liens, including an FHA mortgage placed on said real estate. The Wife hereby agrees to pay, and keep current, the first mortgage made by the parties at the time the property was purchased by them. The Husband hereby agrees to pay all other claims or liens against the property, with the exception of current real estate taxes, which shall be paid by the Wife. The Husband shall also pay to the Wife the sum of $155.88 which sum represents three (3) payments of $51.96 each, which the Wife advanced on the FHA mortgage."

For our purposes, the relevant portions of plaintiff's petition asserted that because defendant failed to pay certain debts and obligations mentioned in paragraph 7, she was obliged to do so upon the sale of the property in 1973. The petition further sought a rule requiring defendant to show cause why he should not be held in contempt for failure to comply with the terms of the decree. By way of an answer, defendant contended that the property was originally purchased by them in 1957 in joint tenancy; that in 1967 the property was deeded in trust to plaintiff's mother, with plaintiff being the sole beneficiary; that the intention of the parties was to retain ownership in joint tenancy; that, under these circumstances, a resulting trust was created in his favor, entitling him to one-half the proceeds received from the sale of the property. In her reply to defendant's answer, plaintiff admitted only that the property was conveyed to her mother, with plaintiff being the sole beneficiary. Moreover, the reply asserted that since the date of the conveyance, plaintiff has made every mortgage payment on the property and that prior to the filing of his answer to her petition, defendant had made no prior claim to any interest in the property.

A hearing was held on the petition, after which the court entered an order directing defendant to pay to plaintiff $2,858.00 as the balance due her because of his failure to pay liens and claims including the FHA mortgage on the property. Defendant has appealed from this order, contending he did not receive a full and impartial hearing as to (1) the question of whether a resulting trust was created in his favor; and (2) the amounts of the lien and encumbrance payments allegedly made by plaintiff.

OPINION

### I.

■■ Defendant's contention concerning the creation of a resulting trust, raised for the first time in his pleading in the trial court, is not one that can be raised in a post-divorce petition proceeding. It is our belief that the divorce decree entered in 1969 operates as a bar to such relief here. If defendant felt that a resulting trust had inured to his benefit, he should have raised that contention at the time of the parties' divorce, since all questions concerning the disposition of the parties' property were resolved there. We think that *Dryz v. Bol*, 19 Ill.App.2d 406, 410, 153 N.E.2d 859, is dispositive of the issue here. There, the plaintiff husband raised a substantially similar argument and the defendant, in response thereto, alleged that (1) plaintiff's claim was barred by a prior divorce decree; (2) the agreement entered into between the parties concerning their respective claims against each other's property operated as a stipulation in the divorce case; and (3) plaintiff was estopped from asserting the claim by his failure to assert it prior to the execution of the stipulation and during the pendency of the divorce case. The court, in response to defendant's arguments, concluded:

> "A careful reading of the pleadings, stipulation, findings and decree in the divorce case convinces us that the parties intended to bring and brought before the court the question of the disposition of all property in which they both had a possible claim or interest. We conclude that the court in the divorce case decided the matter at issue in the instant case. The failure of the court in that case to specifically mention the question at issue in the instant case does not impair the application of the doctrine of estoppel by decree. City of Elmhurst v. Kegerreis, 392 Ill. 195, 208." 19 Ill.App. 2d 406, 410.

■■ We believe that the property settlement agreement entered into between the parties here and used as the basis for the findings and decree of divorce determined the rights of the parties with respect to the property contained therein. The court in *Dryz*, in this regard, went on to say:

"The only reasonable construction of the stipulation in the divorce case, which formed the basis for the finding and decree relative to property rights and the waiver of alimony, is that it enumerated all the property to which both parties had a possible claim or interest, and therefore necessarily implied that the plaintiff herein had no claim or interest to the realty in question since such property was not enumerated in the stipulation." (19 Ill.App.2d 406, 410-411.)

Here, paragraph 7 of the decree specifically refers to the property in question and, under the reasoning of *Dryz*, defendant cannot now assert rights to that property which should properly have been raised prior to the original decree.

## II.

Defendant also contends that he was deprived of a fair and impartial hearing on the question of the lien and encumbrance payments allegedly made by plaintiff, and for which he was held to be responsible. Our examination of the record reveals that no specific dollar amount of the alleged payments was set forth in plaintiff's petition or in her reply. Furthermore, the report of proceedings fail to reveal any reference to the amount ultimately found owing by defendant in the trial court's order. Neither does the record disclose that any discussions were held in the hearing on plaintiff's petition relating to an amount paid by plaintiff nor, as far as we are able to ascertain, was there any proof of payment which would have allowed defendant to respond to plaintiff's allegations in this regard. In a case substantially similar in its absence of any formal hearing regarding a post-divorce decree petition and in the absence of a brief filed by plaintiff, the court reversed a finding of the trial court and remanded with instructions to conduct a full hearing with respect to all matters involved in the petitions. *Murphy v. Murphy*, 19 Ill.App.3d 899, 312 N.E.2d 314.

■■ We feel constrained to follow the course taken by the court in *Murphy*, and accordingly, we reverse and remand with directions to conduct a hearing on the matters alleged in plaintiff's petition.

Reversed and remanded with directions.

BARRETT and DRUCKER, JJ., concur.