DORIS MAE STEWART, Plaintiff-Appellee, *v.* HERBERT R. O'BRYAN, Defendant-Appellant.

Fourth District   No. 13824

Opinion filed July 5, 1977.—Rehearing denied August 4, 1977.

Wayne E. Armstrong, of Armstrong, Erickson & Davis, of Decatur, for appellant.

Robert H. Brunsman, of Brunsman, Crain, Kenney & Pearson, of Springfield, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff sued her former husband seeking reformation of a 1954 deed to him as sole owner of the property in question or the imposition of either a constructive or resulting trust. The trial court dismissed those counts of the complaint seeking to impose a trust but granted relief in equity by directing the reformation of the deed to reflect title in plaintiff and defendant as joint tenants. Defendant appeals.

The parties were married in 1949, when defendant was engaged in the implement business in Lovington, Illinois. In 1954, defendant sought to remove his business to Blue Mound, Illinois, and, in connection therewith, purchased the subject property. Defendant testified that he directed his attorney, who was deceased at the time of this proceeding, to prepare the deed showing defendant as sole owner of the property. Before the deed was recorded, defendant examined and approved the document as drawn. No other persons having any first-hand knowledge of this conveyance other than the defendant were alive at the time of trial. No one testified that the intent of plaintiff and defendant was to place title to this property in joint tenancy. Plaintiff testified only that she had assumed title was held in joint tenancy and that defendant had never led her to believe otherwise.

Beginning several years after defendant took title, he began to treat the property as being jointly owned. In 1969 the parties were divorced, and in formulating that portion of the decree relating to a settlement of the marital property, the trial court hearing the divorce was informed by plaintiff's counsel that there was no need to touch upon the instant property because it was already held in joint tenancy. Defendant testified in the present cause that he too believed, in 1969, that the property was jointly owned. That belief was altered in 1970 when defendant filed a forcible entry and detainer action against a tenant in possession of the premises and discovered, in proving his title, that he owned it outright and that his wife had no interest in the property. Thereafter, plaintiff instituted this action to gain title to a one-half share.

The trial court correctly dismissed those portions of plaintiff's complaint seeking constructive and resulting trusts. We affirm the entry of judgment against defendant as he is estopped from denying plaintiff's right to reformation of the 1954 deed.

■■ Initially, we note that neither party has argued the question of estoppel either here or in the trial court. However, under Supreme Court Rule 366(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)), this court may review completely the case presented. In this instance, the case presented necessarily involves a question of estoppel which is clearly presented by the facts in the record and which we may adjudicate on the merits. *Donnelly v. Balz* (1976), 43 Ill. App. 2d 106, 356 N.E.2d 1163.

■■ An estoppel will arise when the following six elements are present:

(1) Words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect that his conduct or representations will be acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. (*National Tea Co. v. 4600 Club, Inc.* (1975), 33 Ill. App. 3d 1000, 339 N.E.2d 515.) Defendant here is plainly estopped by his conduct, or lack thereof, in the 1969 divorce action. At that hearing, plaintiff specifically waived any special equities she may have had in the property and her award of alimony was based in part on the assumption that she held title to one-half of the property in question.

A similar situation occurred in *Dryz v. Bol* (1958), 19 Ill. App. 2d 406, 153 N.E.2d 859. There, a former husband and wife contested the ownership of property to which title had been taken in the wife's name though seemingly purchased with the husband's funds. In their divorce proceeding, title was left in the wife by stipulation and she apparently waived her right to alimony on the strength of that stipulation. In the husband's subsequent attempt to impose a resulting trust on the property, the court held him to be estopped, holding that while the trial court in the divorce action did not expressly adjudicate title of the premises in question, the court did find title in the wife by implication. The husband was therefore barred from asserting his title in the newer action. See also *Raney v. Raney* (1974), 21 Ill. App. 3d 641, 316 N.E.2d 103.

■■ One cannot maintain a position in one litigation and thereafter maintain an inconsistent position in a subsequent lawsuit where the party claiming estoppel has relied upon the truth of the first position. (*Leigh v. National Hollow Brake-Beam Co.* (1906), 224 Ill. 76, 79 N.E. 318.) Defendant here actually made no representation in the divorce action but did allow plaintiff's attorney to make a false representation of ownership to the court. Defendant knew or should have known at that time that he owned the property solely and not as a joint tenant with his wife. " '[W]here a man has been silent when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent.' [Citation.]" *Loughran v. Gorman* (1912), 256 Ill. 46, 49-50, 99 N.E. 886, ___

■■ An estoppel does not necessarily require a fraudulent intent; it is

sufficient that a fraudulent or unjust effect results from a defendant's conduct. (*Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.) As to defendant's protestation of a lack of knowledge, it has long been a tenet of real property law that a grantee cannot claim under a deed and at the same time argue he did not know the terms thereof. (*Bolin v. Bolin* (1910), 245 Ill. 613, 92 N.E. 530.) Defendant is therefore estopped from asserting a position here inconsistent with the position he took by acquiescence in the 1969 divorce proceeding. We are not unmindful that our opinion could be improperly extended in future situations to do violence to the principle favoring stability of real estate titles. That, however, is not our intent and it is to be noted that there are no third parties involved in this case who could be damaged by the result we reach here.

This estoppel operates to bar defendant from arguing that the order of the trial court appealed from reforming the 1954 deed to show defendant and plaintiff as co-grantees in joint tenancy was erroneous. Defendant will be bound by his admission in the divorce proceeding that the property was so held.

The judgment of the trial court is accordingly affirmed.

Affirmed.

MILLS and HUNT, JJ., concur.