WILLIAM W. SCHEFF, Plaintiff-Appellant, v. FORT DEARBORN LIFE INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—85—0838

Opinion filed October 6, 1986.

78

McCULLOUGH, P.J., dissenting.

Michael W. Atkins, of Springfield, for appellant.

Richard G. Hershey and Edward T. Graham, Jr., both of Hershey, Bliss, Beavers & Periard, of Taylorville, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On October 28, 1983, plaintiff, William W. Scheff, filed suit in the circuit court of Sangamon County against defendant, Fort Dearborn Life Insurance Company, seeking to recover a $15,000 death benefit under a group policy of life insurance issued by defendant covering employees of a business called "Bill's Auction Service" and operated by plaintiff. He had been designated by his deceased wife, Marcella M. Scheff, as the beneficiary of any rights she had under the policy. Plaintiff contended in the complaint that he was entitled to the death benefit and that defendant had refused to pay it. Eventually, plaintiff filed a two-count second amended complaint. On April 3, 1985, the circuit court allowed defendant's motion to dismiss count II in bar of action. On November 5, 1985, the court entered summary judgment in favor of defendant as to count I of the complaint. Plaintiff appeals. We affirm.

Count I of the second amended complaint merely set forth that: (1) Marcella Scheff's life was covered by defendant's policy; (2) plaintiff was her beneficiary; and (3) defendant had refused to pay plaintiff the benefit. Defendant had filed an affirmative defense to count I which alleged that from the time of the issuance of the policy on February 1, 1983, to the date of the death of Marcella Scheff of cancer on May 3, 1983, Marcella M. Scheff was never eligible for coverage under the life insurance because she did not meet the policy's requirements of being an employee. We agree with defendant that the depositions and other matters before the court at the time it granted the summary judgment showed conclusively that Marcella Scheff did not meet the employment requirements of the insurance agreement.

At the hearing on the motion for summary judgment as to count I, the material before the court showed that the only three people involved with "Bill's Auction Service" were plaintiff, Marcella Scheff, and their son. The "Participation Agreement" between "Bill's Auction Service" and defendant was signed on behalf of the former by plaintiff as "Owner." The agreement provided that for an employee to be eligible for benefits, the employee must (1) be under 70 years of age; (2) have employment with the insured as the employee's "principal occupation"; (3) be "regularly scheduled to work for a minimum of 30 hours per week"; and (4) be listed on the employer's "records for

Social Security and withholding tax purposes."

The record showed that Marcella M. Scheff's function in the business was to remain at her home answering business phone calls while she also kept house for her family. She spent about one-half hour to one hour per week checking inventory and, about once a month, traveled with plaintiff for a day while he purchased merchandise. During these trips, she gave him some advice as to the quality of the goods. Her name was not listed on any social security or withholding records of the business. According to plaintiff, the business was not doing well enough to pay her for her work and, therefore, no such record keeping was necessary.

Plaintiff emphasizes the deposition testimony of Charles Lane, an agent of defendant's, who called on the Scheffs to procure plaintiff's business as a customer and discussed the policy with the Scheffs. Lane's deposition indicates that Lane discussed the various other requirements for employees to be eligible to obtain benefits under the policy but made no mention of the necessity for the employee's name to be listed on the employer's social security or tax withholding records. Plaintiff also points out that under the terms of defendant's requirements for issuance of a group life insurance policy, the business group must have at least three employees and Lane accepted "Bill's Auction Service" as an employing unit knowing that the three Scheffs were the only claimed employees.

■ Summary judgment is proper when the matters properly before the court show that if the case goes to trial there would be no question the trier of fact would be required to decide and the movant would be entitled to judgment as a matter of law. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497; Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) Such is the case here.

■ The "Participation Agreement" between the parties clearly stated that listing of the employee's employment in the social security and withholding records of the employer was a condition of the employee's eligibility under the life policy. That did not exist here. Neither the failure of Lane to discuss this issue with the Scheffs nor his acceptance of the business unit as an appropriate employer waives the requirement. The fact that the business was not successful enough to pay wages to the decedent does not eliminate the requirement. An insurer may reasonably have concluded that the risk of loss is greater when the relationship of an employee to an employer is so informal that no remuneration is paid. For this reason alone, the court properly concluded that Marcella M. Scheff was not an employee within

the meaning of the "Participation Agreement."

The circuit court properly granted summary judgment as to count I of the second amended complaint.

■ Count II contained many of the allegations of count I and proceeded on a theory of "equitable estoppel." The parties agree that the elements of equitable estoppel are the following: (1) words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect his conduct or representations will be acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. *Gary-Wheaton Bank v. Burt* (1982), 104 Ill. App. 3d 767, 433 N.E.2d 315; *Stewart v. O'Bryan* (1977), 50 Ill. App. 3d 108, 365 N.E.2d 1019.

■ Plaintiff seeks to support the sufficiency of count II by reciting testimony contained in depositions which bore on the propriety of the ruling on the motion for summary judgment. This cannot be done. Count II must be judged upon the basis of its allegations. That count alleges that: (1) Defendant is a wholly owned affiliate of Blue Cross-Blue Shield of Illinois and agrees to use the same eligibility requirements for its group life insurance that the latter uses for its group accident and health benefits; (2) Lane was an agent for both insurance firms; (3) Lane admitted to plaintiff that the eligibility requirements under both polices were the same; (4) Lane also told plaintiff that plaintiff and his wife would not qualify for group life benefits unless they qualified for health and accident benefits; and (5) defendant is estopped to deny plaintiff's claim for the $15,000 benefit.

Count II then lists the following as reasons why defendant is estopped to deny recovery: (1) Lane breached his "equitable duty" to plaintiff when he told plaintiff that Bill's Auction Service could not buy accident and health insurance with Blue Cross-Blue Shield without buying group life insurance with defendant and then told plaintiff that since Bill's Auction Service qualified for group accident and health benefits, it also qualified for group life insurance; (2) Lane should have known that his statement that Bill's Auction Service qual-

ified for group life insurance would have tended to deceive plaintiff and his wife into believing that she qualified for life benefits; (3) plaintiff relied on Lane's words, not knowing that Lane's representations were false or misleading; (4) when accident and health benefits were provided for the illness of Marcella M. Scheff, she and plaintiff were misled into believing that death benefits would also be paid; and (5) plaintiff was prejudiced because he did not know Marcella M. Scheff was ineligible for death benefits and did not purchase a group policy elsewhere and because he was required to purchase group life insurance in order to obtain Blue Cross-Blue Shield accident and health benefits.

■ Thus, the only representations which are alleged to have been made by Lane are that: (1)the business entity qualified for defendant's group life insurance; (2) the eligibility requirements for group life and Blue Cross-Blue Shield were the same; and (3) plaintiff was required to purchase one group coverage to obtain the other. None of these representations were alleged to be untrue. Rather, the basis of plaintiff's theory appears to be that Lane should have anticipated that the Scheffs would believe that, if the business entity qualified for group coverage, Marcella M. Scheff, as an individual, qualified. We do not deem the complaint to contain sufficient allegations to impose that duty on Lane, particularly in view of the fact that attached to the complaint was a plainly visible statement of the requirements to make Marcella M. Scheff eligible to receive benefits as an employee. The allegations of count II were insufficient to allege either a misrepresentation or a concealment of a material fact.

■ Count II also alleged that because Blue Cross-Blue Shield did not object to Marcella M. Scheff's lack of qualification as an employee in paying for the expenses of her last illness, she and plaintiff were misled into believing that defendant would also treat her as an employee. However, these payments were alleged to have been made well after the life policy was issued and could not have been relied on in deciding to acquire the policy in question.

Count II failed to state a cause of action.

The judgments of the circuit court are affirmed.

Affirmed.

SPITZ, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:

I respectfully disagree with the majority as to its ruling both as to

the motion for summary judgment, count I, and the motion to dismiss, count II. As the majority states, there was undisputed information before the court indicating the informal nature of Marcella's relationship to the business. Reference is made to her principal occupation which appears likely to have been a homemaker, the fact that she signed joint Federal income tax returns for the years 1982 and 1983 prepared by an accountant which listed her occupation as a homemaker and lack of compliance by her to work on a regularly scheduled basis for a minimum of 30 hours per week. In *Bakkensen v. John Hancock Mutual Life Insurance Co.* (1960), 222 Or. 484, 353 P.2d 558, the court held that a question of fact was presented as to whether a fire watcher for a firm engaged in a logging operation could include time during which they were subject to call as time worked within the meaning of a group disability policy requiring an employee to work 20 hours a week in order to be covered. The court in that case held further that the question of fact existed even if the fire watchers were not paid for the time they were subject to call.

Just as important are the actions of defendant. The defendant accepted premiums from the plaintiff. The wife was covered under the group health insurance policy with the same company. It was clear that the same eligibility requirements for both the group health and the group life applied, *i.e.*, be under 70 years of age, have employment with the insured as the employee's principal occupation, be regularly scheduled to work for a minimum of 30 hours per week, and be listed on the employer's records for social security and withholding tax purposes. The plaintiff was also required to purchase the group life insurance in order to obtain the Blue Cross-Blue Shield accident and health benefits.

The defendant, knowing the terms of its participation agreement, paid on medical claims of Marcella pursuant to the group accident and health benefits insurance policy. These are issues of fact sufficient to deny the motion for summary judgment, count I.

I would find that the allegations of count II are sufficient to allege a misrepresentation or concealment of a material fact. The allegations of count II were sufficient to allege conduct, by the party against whom the estoppel is alleged, constituting a misrepresentation or concealment of material facts; that the defendant knew that the plaintiff's wife would not be covered by the insurance; that the plaintiff did not know the representations were false either at the time they were made or at the time they were acted upon when he purchased the policy; and that the defendant should have expected his conduct or representations would be acted upon by the plaintiff. The

plaintiff did rely upon the representations and certainly the plaintiff is in a position of prejudice if the defendant against whom the estoppel is alleged is permitted to deny the truth of the representations made.

I would deny the defendant's motion to dismiss count II. The majority states that the depositions and testimony which dealt with the ruling on the motion for summary judgment could not be used by the plaintiffs in support of count II. As stated by the majority, count II must be adjudged on the basis of its allegations. The allegations of count II are sufficient to sustain against the motion to dismiss and happenstance shows by the hearing on the motion for summary judgment that this is certainly true.