## United States Fidelity & Guaranty Co. v. Mooney's Moving & Storage, Inc.

*James N. Peck,* for plaintiff.

*Smilie, Bean, Davis & Tredinnick and Saul, Ewing, Remick & Saul,* for defendant.

GROSHENS, J., December 9, 1958.—These are three suits in trespass arising out of the same alleged negligence of defendants. The three complaints are identical in substance, as are the three answers and new matter of the first defendant. In each case identical preliminary objections to first defendant's new matter have been filed, which are the immediate matter before the court.

The new matter sets forth certain alleged defenses arising under the terms of first defendant's warehouse receipt, namely: Paragraph 6(a) which provides in part that the goods are stored at customer's risk with respect to damage caused by fire; paragraph 6(c) which provides in part that the burden of proving negligence is on the customer; and paragraph 14(a) which provides in part that the customer must file a claim in writing within 30 days after written notice of the damage is mailed to the customer at his last known address.

Plaintiff contends the foregoing terms in a warehouse receipt are against public policy and are null and void.

Paragraph 6(a) is an attempt to abrogate first defendant's liability for fire damage regardless of negligence and is, therefore, ineffective under Schell v. Miller North Broad Storage Co., Inc., 157 Pa. Superior Ct. 101, affirmed 353 Pa. 319, where it was held that while a warehouseman was not an insurer, he was "obliged to exercise ordinary diligence and care not only to prevent fire from starting but also to arrest its progress."

Paragraph 6(c) is a correct statement of a plaintiff's burden of proof in an action in trespass against a noninsurer.

Paragraph 14(a) is a reasonable provision as to the time within which claims against the warehouseman must be filed. Certainly as a matter of law, it cannot be called such an unreasonable contractual limitation as to be against public policy. The Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 7-204(2) provides: "Reasonable provisions as to the time and manner of presenting claims and instituting actions based on the bailment may be included in the warehouse receipt or tariff." The parties by their contract have agreed upon

30 days. It does not seem to be unreasonable or oppressive to enforce such a contractual provision without proof to the contrary.

And now, December 9, 1958, the third preliminary objection is sustained, the first and second preliminary objections are dismissed and plaintiff is allowed 20 days from this date to file a reply to new matter in conformity herewith.