THE DEPARTMENT OF PUBLIC AID, Plaintiff-Appellant, *v.* JOSEPH BRAZZIEL *et al.*, Defendants-Appellees.

First District (1st Division)   No. 76-1525

Opinion filed June 5, 1978.

William J. Scott, Attorney General, of Chicago (Gregory G. Lawton, Assistant Attorney General, of counsel), for appellant.

Charles Barnhill, Jr., George F. Galland, Jr., and Harold M. Brody, all of Chicago (Davis, Miner & Barnhill, of counsel), for appellee Joseph Brazziel.

Bruce J. Finne, of Springfield, for appellee Illinois Civil Service Commission.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Illinois Department of Public Aid (Department), appeals from the judgment of the circuit court of Cook County which affirmed a final decision of defendant Illinois Civil Service Commission (Commission) and also entered a declaratory judgment upholding the validity of a Commission rule. The issue presented is whether the challenged rule, granting a party the right to interview State employees on State property during working hours, is invalid because it exceeds the statutory rule-making power of the Commission.

Defendant Joseph Brazziel was an employee of the Department of Public Aid in a position covered by the provisions of the Illinois Personnel Code. (Ill. Rev. Stat. 1975, ch. 127, par. 63b101 et seq.) The Department instituted proceedings to demote Brazziel for cause. The reasons for this action are no longer relevant here; it is sufficient to state that Brazziel's superiors and subordinates with the Department were among the witnesses who had knowledge of the facts upon which the action was founded. Brazziel resisted the demotion and requested a hearing before the Commission, as provided in section 11 of the Personnel Code. (Ill. Rev. Stat. 1975, ch. 127, par. 63b111.) Pursuant to section 9.04 of the Rules of the Civil Service Commission, Brazziel moved for interviews with certain employees of the Department, such interviews to take place while the employees were on the job during regular business hours. The Commission granted the motion over the Department's objection, but the Department nevertheless refused to permit the interviews. Brazziel

moved for dismissal of the demotion proceeding for failure of the Department to comply with the rule, and the Commission granted the motion.

The Department thereafter filed a two-count complaint in the circuit court of Cook County. Count I sought review of the dismissal pursuant to the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) Count II prayed for a declaratory judgment holding the Commission rule invalid. The court reviewed the record and received briefs on the question of law presented and, after arguments were heard, entered judgment for defendants on both counts of the complaint.

The rule in question states in full:

"Any party or their representative shall have the right, upon timely motion, to inspect any relevant documents in the possession of or under the control of any other party and to interview employees having knowledge of relevant facts. Interviews of employees and inspection of documents shall be at times and places reasonable for the employee and for the appointing power." (Rule 9.04 of the Illinois Civil Service Commission.)

Section 10 of the Personnel Code states in pertinent part:

"§10. Duties and powers of the Commission. The Civil Service Commission shall have duties and powers as follows:

* * *

(6) To hear and determine written charges filed seeking the discharge, demotion of employees and suspension totaling more than thirty days in any 12-month period, as provided in Section 11 hereof, and appeals from transfers from one geographical area in the State to another, and in connection therewith to administer oaths, subpoena witnesses, and compel the production of books and papers.

* * *

(11) To make rules to carry out and implement their powers and duties under this Act, with authority to amend such rules from time to time." (Ill. Rev. Stat. 1975, ch. 127, par. 63b110.)

Section 11 provides in pertinent part:

"§11. Hearings—Disciplinary action. * * * Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days. * * * The finding and decision of the Commission, or the approval by the Commission of the finding and decision of the officer or board appointed by it to conduct such investigation, shall be rendered within 60 days after the receipt of the transcript of the proceedings. If the finding and decision is not rendered within 60 days after receipt of the transcript of the proceedings, the employee shall be considered to be reinstated and shall receive

full compensation for the period for which he was suspended. * * *" (Ill. Rev. Stat. 1975, ch. 127, par. 63b111.)

In addition, section 16 provides in pertinent part:

"§16. Duties of State Officers and Employees. All officers * * * and employees of the State shall comply with and aid in all proper ways in carrying out this law and the rules, regulations, and orders thereunder. All such officers and employees shall furnish any records or information which the Director or the Commission may request for any purpose of this law. * * *" Ill. Rev. Stat. 1975, ch. 127, par. 63b116.

The Department argues that the rule is invalid because the Commission has only those powers given to it by the legislature in the statute, and nowhere among the enumerated powers of the Commission can be found the express authority to promulgate a rule granting a party any form of prehearing discovery. The Commission responds that authority for the rule is found in the power to "subpoena witnesses, and compel the production of books and papers," set forth in section 10(6) of the Code and the direction contained in section 16 of the Code to all state officers and employees to furnish any records or information which the Commission may request for any purpose of the Act. Defendant Brazziel adds that the rule is reasonably necessary for the Commission to fulfill its duty to hold fair and speedy hearings as required in sections 10(6) and 11 of the Act. Ill. Rev. Stat. 1975, ch. 127, pars. 63b110(6), 63b111.

Although the parties on both sides of this controversy advance policy reasons in support of their respective positions, we do not consider them because it is not within our power to do so. When the legislature has delegated powers of determining policy to an executive agency, it is not the province of the judiciary to consider the wisdom or the need for such decisions. "Such is essential if the basic notion of separation of powers is to survive." (*Shell Oil Co. v. Pollution Control Board* (1976), 37 Ill. App. 3d 264, 271, 346 N.E.2d 212, 218.) Our supreme court has stated that "administrative action taken under statutory authority will not be set aside unless it has been clearly arbitrary, unreasonable or capricious." (*Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 310, 319 N.E.2d 782, 785.) Since it is not argued here that the rule is arbitrary, unreasonable or capricious, the scope of our examination is limited to whether the rule is authorized by the enabling legislation or is an ultra vires promulgation by the Commission.

■■ The Commission exercises a limited statutory jurisdiction and must find in the statute its warrant for any authority claimed. (*People ex rel. Polen v. Hoehler* (1950), 405 Ill. 322, 326, 90 N.E.2d 729, 732.) An administrative agency such as the Commission has no inherent or common-law powers. (*Sibley v. Health & Hospitals' Governing Com.*

(1974), 22 Ill. App. 3d 632, 317 N.E.2d 642; *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) The agency has only such authority as is conferred by express provision of law or is found, by fair implication and intendment, to be incident-to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which the agency was created. *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 583, 315 N.E.2d 573, 576.

■■ While there is no express authority in the Personnel Code authorizing Rule 9.04, we believe that the trial court was correct in upholding the validity of this rule. Section 10 of the Code empowers the Commission to make rules to carry out and implement its powers and duties. Sections 10 and 11 of the Code empower and require the Commission to hold hearings on the discharge, demotion and suspension of employees, and in connection therewith to administer oaths, subpoena witnesses and compel the production of books and records. Section 16 of the Code requires State officers and employees to aid in carrying out the provisions of the Code and to furnish any records or information which the Commission may request for any purpose of the Code. We find that the Commission's authority to promulgate Rule 9.04 can be fairly implied from the above sections, and on its face aids the Commission in accomplishing the objectives for which it was created, which is the protection of the public and in carrying out that purpose the protection of civil service employees. *People v. Niewinski* (1957), 13 Ill. App. 2d 307, 314, 142 N.E.2d 151, 154.

The Department admits in its brief that it objects only "to the Commission ordering that such interviews take place on state property during working hours." Yet the Department has prepared its cases before the Commission by interviewing its witness-employees on the job. Section 16 of the Code makes it the duty of State employees to aid the Commission in carrying out the provisions of the Code. The rule merely gives the charged employee the same opportunity to learn, in advance of the hearing, some of the evidence the Department can muster. As has been stated in an analogous context, "the State has no interest in interposing an obstacle to the disclosure of facts unless it is interested in convicting accused parties on testimony of untrustworthy persons." (*People v. Cole* (1964), 30 Ill. 2d 375, 381, 196 N.E.2d 691, 694.) We do not believe the State has an interest in discharging, demoting or suspending its employees on the testimony of untrustworthy persons, either.

The Department further argues that Rule 9.04 is a discovery rule and, as such, it exceeds even the discovery methods available to civil litigants in the circuit courts under the Civil Practice Act and the Supreme Court Rules. (Ill. Rev. Stat. 1975, ch. 110, pars. 2, 58; ch. 110A, par. 201 *et seq.*)

The Department also points out that the General Assembly has specifically authorized discovery by statute where it intended an agency to have power to make discovery rules, citing the Insurance Code and the Illinois Horse Racing Act as examples. (Ill. Rev. Stat. 1975, ch. 73, par. 743.8; ch. 8, par. 37c-4, respectively.) The Department also cites several Federal court opinions which hold that Federal courts and administrative agencies have no inherent power to require pretrial discovery.

■■ We find these arguments to be not persuasive. First, we think it is of no particular significance whether the rule is labeled a "discovery" rule by the Department or the defendant. The rule relates directly to an internal procedural matter before the Commission, which is charged in section 11 of the Act with the responsibility of hearing and determining charges within a very limited period of time. The speed with which the Commission must act justifies the informal nature of the interviews provided for in Rule 9.04, and distinguishes these hearings from lawsuits heard in the circuit courts. The rule does not fashion a new substantive remedy, such as an award of attorney's fees (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154); nor does it legislatively alter a qualification for public employment, such as establishment of a mandatory retirement age (*Sibley v. Health & Hospitals' Governing Com.* (1974), 22 Ill. App. 3d 632, 317 N.E.2d 642; *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573); nor does it legislatively extend its authority over a regulated occupation beyond that contemplated by the enabling legislation, such as establishing rates of pay (*Chicago Division of the Horsemen's Benevolent and Protective Association v. Illinois Racing Board* (1972), 53 Ill. 2d 16, 289 N.E.2d 421). Next, while the cited sections of the Insurance Code and the Horse Racing Act specifically authorize the use of discovery devices in advance of hearings, we do not believe that a legislative intent to prohibit the Commission from promulgating Rule 9.04 can be fairly inferred from the inclusion of discovery methods in those statutes, and we decline so to hold. In proceedings before the Department of Insurance and the Racing Board the parties are the State regulatory body and the private person or entity being regulated; the parties before the Civil Service Commission are the State appointing power and the State employee charged. The interviews permitted by the rule are justified by the nature of the proceedings before the Commission, which are in this context primarily internal matters in the operation of the executive branch of State government. And finally, we find the Federal cases referred to by the Department to be inapplicable. The general principle for which each stands, which is that an agency or a court may not exceed the powers granted it by the act which creates it through rulemaking, is in agreement with well-settled Illinois law. (*People ex rel.*

*Polen v. Hoehler; City of Chicago v. Fair Employment Practices Com.*) The question presented in this appeal must be decided on the basis of the law of Illinois, not Federal administrative law, and the Department has not referred us to a single Illinois decision which has invalidated an administrative procedural rule similar to the one herein discussed, labeled as a "discovery" rule or otherwise.

We therefore, for all of the above reasons, affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.