CHARLES GINN, Plaintiff-Appellant, *v.* CONSOLIDATION COAL
COMPANY, Defendant-Appellee.

Fifth District    No. 81-286

Opinion filed June 10, 1982.

Bernard J. Ysursa and Donald W. Urban, both of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Don Johnson, of Hohlt, House, DeMoss & Johnson, of Pinckneyville, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

On December 3, 1980, plaintiff, Charles Ginn, filed a suit in the circuit court of Perry County, Illinois, against defendant, Consolidation Coal Company, seeking damages and injunctive relief. The action arose as a result of blasting operations conducted by defendant at one of its

surface coal mines which allegedly caused damage to plaintiff's property. Defendant filed a motion to dismiss plaintiff's complaint on the grounds, *inter alia*, that the Surface Mining Control and Reclamation Act of 1977 (30 U.S.C. sec. 1201 *et seq.* (Supp. I 1977)) (hereinafter referred to as the Surface Mining Act) and the Federal regulations promulgated thereunder pre-empted the jurisdiction of the State courts. On May 18, 1981, the trial court, finding that Federal law was pre-emptive, dismissed plaintiff's complaint with prejudice and this appeal resulted.

Plaintiff's complaint alleged that he and his wife, Margie Ginn, owned improved real estate on Rural Route #2, Pinckneyville, Illinois. It was further alleged that during 1980 defendant operated the Burning Star Mine No. 2 and conducted blasting operations with excessively heavy charges of explosives within 1000 feet of the dwelling located on plaintiff's real estate and within 300 feet of the property line. Plaintiff contends that as a result of defendant's blasting activities, stones and other debris were thrown upon plaintiff's property and structural damage to plaintiff's dwelling occurred.

Plaintiff's brief on appeal contains additional allegations not found in his complaint although some of these allegations were set forth in plaintiff's trial brief in opposition to defendant's motion to dismiss. The defendant, while noting that only well pleaded facts contained in the complaint are properly before this court, chooses to treat these additional allegations as judicial admissions for purposes of establishing plaintiff's failure to exhaust his administrative remedies.

Such additional allegations are as follows: Plaintiff exercised his right to request a preblast survey of the condition of his dwelling. The defendant's blasting caused plaintiff to complain to the Federal Office of Surface Mining. Consequently, a Federal inspection of the defendant's operations was made and a notice of violation was issued to the defendant on June 27, 1980. When plaintiff failed "to receive amicable or administrative satisfaction," he filed the action in the instant case.

There are two issues before this court: (1) whether the Surface Mining Act has pre-empted the common law jurisdiction of State courts and provided the exclusive remedy in the case at bar; and (2) whether plaintiff's failure to exhaust the administrative remedies available to him precludes him from filing the instant action.

■■ We first address the question of whether Illinois tort law concerning the use of explosives has been pre-empted by the Surface Mining Act. Under the supremacy clause (U.S. Const., art. VI), Federal law pre-empts State law when the latter "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (*Hines v. Davidowitz* (1941), 312 U.S. 52, 67, 85 L. Ed. 581, 586-87, 61 S. Ct. 399, 404.) Absent an express Congressional intent to pre-empt State laws,

courts will normally not find such pre-emption unless the State action directly conflicts with a Federal law or would frustrate a Federal scheme or unless, from the totality of circumstances, it appears that Congress sought to exclude State laws on the same subject. (*Malone v. White Motor Corp.* (1978), 435 U.S. 497, 504, 55 L. Ed. 2d 443, 450-51, 98 S. Ct. 1185, 1189-90.) In situations where Congress is alleged to have implicitly pre-empted a field which traditionally has been occupied by the States, it is assumed that there is no pre-emption unless that was the clear and manifest purpose of Congress. (*Jones v. Rath Packing Co.* (1977), 430 U.S. 519, 525, 51 L. Ed. 2d 604, 613-14, 97 S. Ct. 1305, 1309-10; *Rice v. Santa Fe Elevator Corp.* (1947), 331 U.S. 218, 230, 91 L. Ed. 1447, 1459, 67 S. Ct. 1146, 1152.) Tort liability is traditionally a function of State common law, and this fact has been afforded due consideration in determining whether Congress intended to pre-empt State law. See *United Construction Workers v. Laburnum Construction Corp.* (1954), 347 U.S. 656, 663-64, 98 L. Ed. 1025, 1030-31, 74 S. Ct. 833, 836-38; *Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330, 341-42, 355 N.E.2d 686, 694-95.

Defendant argues that the broad purposes set forth in the Surface Mining Act and the regulations adopted thereunder (see *Hodel v. Virginia Surface Mining & Reclamation Association, Inc.* (1981), 452 U.S. 264, 268-72, 69 L. Ed. 2d 1, 11-13, 101 S. Ct. 2352, 2356-58) are so comprehensive as to exclude State common law actions for damages resulting from explosives used in mining operations. We disagree. Neither the history nor the stated purposes of the Surface Mining Act suggests a Congressional intent to extinguish State common law liability for damages resulting from blasting operations. (See H.R. Rep. No. 95-218, 95th Cong., 1st Sess. (1977), reprinted in [1977] U.S. Code Cong. & Ad. News 593; 30 U.S.C. sec. 1202 (Supp. I 1977).) A claim of pre-emption is not made meritorious simply by reference to the comprehensive nature of Federal regulations under a particular act of Congress. *Praznik v. Sport Aero, Inc.*

Defendant further urges that since subsection 1270(f) (30 U.S.C. sec. 1270(f) (Supp. I 1977)) provides a civil action for damages resulting from violations of any rule, regulation, order, or permit issued under the Surface Mining Act, an intent to pre-empt State common law actions may be inferred. We must reject this assertion in light of the savings clause found in subsection 1270(e), which provides:

"Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any of the provisions of this chapter and the regulations thereunder, or to seek any other relief (including relief against the Secretary or the appropriate State regulatory authority)." (30 U.S.C. sec. 1270(e) (Supp. I 1977).)

We conclude that this provision is an express indication that section 1270

should not be read as limiting other remedies which might exist. See *City of Milwaukee v. Illinois* (1981), 451 U.S. 304, 328, 68 L. Ed. 2d 114, 133, 101 S. Ct. 1784, 1798.

Furthermore, one of the express purposes of the Surface Mining Act is to protect the rights of surface landowners (30 U.S.C. sec. 1202 (Supp. I 1977)), and subsection 1270(f) (30 U.S.C. sec. 1270(f) (Supp. I 1977)) requires that individuals alleged to have suffered damage establish an injury resulting from a violation of a rule or regulation promulgated under the Surface Mining Act. In Illinois, on the other hand, common law civil liability resulting from blasting operations amounts to strict liability and requires merely a showing of a causal connection between the alleged damage and the use of explosives. (*FitzSimons & Connell Co. v. Braun & Fitts* (1902), 199 Ill. 390, 396-97, 65 N.E. 249, 251; *Peet v. Dolese & Shepard Co.* (1963), 41 Ill. App. 2d 358, 368, 190 N.E.2d 613, 618.) Therefore, we conclude that the imposition of tort liability on the basis of more stringent State law is consistent with the purposes of the Federal law. See *Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 440, 396 N.E.2d 534.

The defendant maintains that a finding of pre-emption is mandated by *City of Milwaukee v. Illinois* and *Middlesex County Sewerage Authority v. National Sea Clammers Association* (1981), 453 U.S. 1, 69 L. Ed. 2d 435, 101 S. Ct. 2615; however, defendant's reliance on these cases is misplaced. Both of these cases held that implied Federal common law remedies were pre-empted by Congressional act. The analysis in determining whether Federal common law is pre-empted by Federal statutory law is less stringent than that employed in discerning whether Federal law pre-empts State law. *City of Milwaukee v. Illinois* (1981), 451 U.S. 304, 316, 68 L. Ed. 2d 114, 126, 101 S. Ct. 1784, 1792.

■■ In view of the above considerations, we conclude that plaintiff's common law action for damages resulting from the use of explosives may be maintained in this State and hold that such action constitutes a separate and additional remedy under State law available to a party who has suffered damages as a result of the use of explosives in mining operations.

■■ Defendant, relying on the fact that plaintiff admits in his brief that he had originally sought relief through administrative channels, argues that plaintiff's failure to exhaust his administrative remedies precludes him from bringing his common law action. We disagree. The exhaustion of administrative remedies is required in situations where a party seeks judicial review of an administrative action. (*Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.* (1979), 69 Ill. App. 3d 696, 388 N.E.2d 108.) "It requires both that plaintiff has been aggrieved by some administrative action and that there is an effective administrative remedy which would resolve plaintiff's problem." (69 Ill. App. 3d 696, 699-700,

388 N.E.2d 108, 111.) In the case at bar, plaintiff does not ask for judicial review of any administrative action nor are we persuaded that he was required to seek relief through an administrative agency before seeking relief under the common law. While plaintiff's brief indicates that he complained to the Federal Office of Surface Mining about the blasting and that as a result a notice of violation was issued to the defendant, there was ·no administrative determination by which plaintiff has been "aggrieved."

Additionally, we note that the Surface Mining Act does not expressly require a party to pursue administrative remedies before proceeding to court to obtain common law remedies. Indeed, the language found in subsection 1270(e) that "[n]othing in this section shall restrict any right which any person * * * may have under * * * common law * * *" suggests that no exhaustion of administrative remedies is necessitated by the Surface Mining Act and that the institution of administrative proceedings is not a condition precedent to proceeding in the State courts in an action for damages.

Accordingly, we find that the trial court erred in dismissing plaintiff's complaint under the pre-emption doctrine. The judgment of the circuit court of Perry County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES and HARRISON, JJ., concur.