## MOYER v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 7345.

Circuit Court of Appeals, Sixth Circuit.
Feb. 11, 1938.

Frank Leonetti, of Cleveland, Ohio (John A. Cline, of Cleveland, Ohio, on the brief), for appellant.

Ashley M. Van Duzer, of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart and Harry P. Weinberg, all of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN and HICKS, Circuit Judges, and RAYMOND, District Judge.

MOORMAN, Circuit Judge.

The appellee issued an accident insurance policy to Dr. G. E. Moyer insuring him in the sum of $5,000 against loss of life resulting directly and independently of all other causes from bodily injuries sustained through purely accidental means. Part F of the policy provided that if accidental bodily injuries covered by the policy should result in septic infection or blood poisoning, the disability or loss consequent thereon should be deemed due to accident and the indemnity therefor paid in full as provided in the policy. While the policy was in effect Dr. Moyer received accidental injuries, as a result of which blood poisoning set in and he died. At the time of his death he was a diabetic. Appellant, as beneficiary under the policy, brought suit on it to recover the indemnity thereunder for the loss of Moyer's life. The appellee defended the action on the ground that death did not result directly and independently of all other causes from bodily injuries sustained through purely accidental means, but from blood poisoning complicated by diabetes. On the hearing of the case the trial court, being of opinion that the evidence showed that diabetes contributed to the death, and that the policy did not cover death so resulting, directed the jury to find a verdict for the appellee. The finding was made and judgment rendered thereon.

The diabetic condition of the deceased undoubtedly rendered him highly susceptible to septic infection. The view of the court that the phrase, "resulting directly and independently of all other causes from bodily injuries sustained through accidental means," excluded from the coverage of the policy death consequent on septic infection,

aided or accelerated by diabetes, was in our opinion a misconception of the meaning of the policy. The policy is a unitary contract and is to be construed, like other contracts, according to the plain, ordinary meaning of its words. Part F is one of its provisions and must likewise be given the plain meaning of its words. That provision says that if accidental bodily injuries covered by this policy—meaning, of course, in the light of part A, bodily injuries "sustained through purely accidental means"—result in septic infection or blood poisoning, the disability or loss consequent thereon shall be deemed due to accident, and indemnity therefor in full, as provided by the policy, will·be paid. Appellant introduced substantial evidence to show that the bodily injuries to Moyer were sustained through purely accidental means, and that as the result thereof septic infection set in causing the loss of his·life. The appellee contends that loss "consequent on" septic infection is not covered by the policy because the clause dealing with it is not written into the insuring words as set out in part A. That contention assumes the propriety of a separate consideration of the different paragraphs of the policy. It ignores the existence of part F as a part of the contract as a whole, to be read with the whole. It is also said for the appellee that the purpose of inserting part F into the policy was to prevent it from asserting as a defense to an action for death resulting from blood poisoning that the death did not result from bodily injuries caused by accidental means. The answer is that the provision does not so state but says if the accidental bodily injuries result in blood poisoning, the loss consequent thereon shall be deemed due to accident, and the indemnity therefor in full, as provided in the policy, will be paid. This provision of the policy, as stated, must be read with the other provisions—as a part of a whole. So reading it, it is not, in our opinion, necessary, in order to recover a loss consequent on blood poisoning, that the loss result directly and independently of all other causes from bodily injuries sustained through purely accidental means. The provision expands the coverage of the policy to loss consequent on blood poisoning resulting from bodily injuries caused through accidental means. It nowhere excludes from the coverage diseases rendering the insured more susceptible to blood poisoning or contributing to the blood poisoning. There was substantial evidence, as stated, to show that the bodily injuries to Moyer were sustained through purely accidental means, and that as a result of such injuries blood poisoning set in, in consequence of which the loss occurred. With such evidence it was error to direct the jury to return a verdict for appellee.

The judgment is reversed and the cause remanded for a new trial.

NOTE.—This opinion was written by Circuit Judge MOORMAN, but his death preceded its announcement.