PRESTLY BODY, Plaintiff-Appellant, *v.* UNITED INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

First District (3rd Division)    No. 78-894

Opinion filed May 16, 1979.

E. T. Cunningham and William E. Hoffman, both of Chicago, for appellant.

Dominick Varraveto, Jr., and Mark J. Kupiec, both of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Prestly Body, brought this action claiming benefits allegedly payable on the death of plaintiff's wife under an accident insurance policy issued by defendant. After considering the policy and pleadings and hearing arguments, the trial court granted summary judgment in favor of defendant.

Plaintiff was the beneficiary under the accident insurance policy issued on the life of his wife, Vernell Body. The policy contains the following provisions:

"The company * * * does hereby insure the person named as the Insured * * * against loss of life * * * resulting solely from bodily injury received during the term of this policy and effected directly and independently of all causes through bodily injury by accident as evidenced by a visible contusion or wound on the exterior of the body, except in the case of drowning or internal injury revealed by autopsy, hereinafter referred to as 'such injury' subject to the exceptions and limitations in part 6 and all other provisions, conditions, exceptions and limitations hereinafter contained.

Part 5—Benefits for infections. Any specified loss, from which benefits are provided by the policy, which results from blood poisoning or septicemia caused by pyogenic infections occurring with and through a cut or wound * * * shall be covered by the insurance provided by this policy.

Part 6—Exceptions and Limitations. The insurance provided by

this policy does not cover 'such injury' fatal or non-fatal, which is caused by or results from sickness or disease."

This policy was in full force and effect on October 17, 1972, when plaintiff's wife died. Prior to her death, the insured suffered from a chronic kidney inadequacy. In September 1972, she underwent a kidney transplant operation. Some time after the operation, the insured contracted peritonitis which developed into septicemia, a generalized infectious condition throughout the body. The death certificate listed the cause of death as "overwhelming sepsis due to or as a consequence of peritonitis and small bowel infarction due to or as a consequence of kidney transplantation and anti-rejection therapy." Sepsis is synonymous with septicemia. When defendant denied coverage under the policy, plaintiff brought this action.

The complaint alleged that the insured died as a result of septicemia caused by a pyogenic infection and the cause of her death was one insured by the policy. Defendant agreed in its answer that the cause of death was septicemia, but denied coverage of the loss. Both sides sought summary judgment. The trial court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment. We believe the matter was properly one for summary judgment. There were no genuine issues concerning material facts, and the cause must be decided upon the pleadings and on the language of the policy.

Plaintiff maintains the trial court erred in declaring, as a matter of law, that the cause of the insured's death was not one covered by the policy. In support of this contention, plaintiff argues that Part 5 of the policy, providing for coverage of specified losses occurring as a result of septicemia, can be read independently of the primary insuring clause and as an enlargement of the coverage provided therein. Since it is undisputed that the insured's death was caused by septicemia, plaintiff therefore argues that he is entitled to benefits under the policy.

In order to determine the intent of the contracting parties, the various provisions of a contract must be construed as a whole. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.) The most reliable index of the parties' intent is the language used in the contract. (*Walsh v. State Farm Mutual Automobile Insuance Co.* (1968), 91 Ill. App. 2d 156, 234 N.E.2d 394.) And in the absence of any ambiguity, contract language will be given its plain and ordinary meaning. *Goetze v. Franklin Life Insurance Co.* (1975), 26 Ill. App. 3d 104, 324 N.E.2d 437.

■■ The heading on the insurance policy under which plaintiff claims reads: "INDUSTRIAL ACCIDENT POLICY." The primary insuring clause insures against loss of life, among other things, "effected directly and independently of all other causes through bodily injury by accident * * *." We believe all other clauses in the policy must be construed as

subject to the above-quoted limitations; the loss must be the result of an accident. To interpret Part 5 as creating independent coverage for losses resulting from septicemia, regardless of whether an accident preceded the onset of the infection, would enlarge the insurer's liability beyond that warranted by the terms of the policy. The only reasonable interpretation of Part 5 is that it provides coverage for septicemia contracted as a result of an accidental injury. See *Moyer v. Mutual Ben. Health & Accident Ass'n* (6th Cir. 1938), 94 F.2d 457.

Plaintiff contends, however, that even if Part 5 does not provide an independent basis for recovery, he may still recover on the ground that his wife's death was accidental. He argues that the primary insuring clause, since it does not use the phrase "accidental means", must be deemed to include not only death through accidental means, but also accidental death, that is, an unforeseeable, and therefore accidental, result. (See *Wylie v. Union Casualty & Life Insurance Co.* (1957), 15 Ill. App. 2d 448, 146 N.E.2d 377.) Such an interpretation of the primary insuring clause is not reasonable. While the exact words "accidental means" are not used in the clause, it does insure against loss of life "effected directly and independently of all causes through bodily injury by accident." This language demonstrates clearly that the policy insures against death through accidental causes, rather than death as an accidental result. We must determine, therefore, whether on the basis of the allegations of plaintiff's complaint, it can be said that the insured's death was the result of accidental cause.

Plaintiff argues that the fact the insured contracted peritonitis which developed into septicemia is the accident which entitles him to benefits under the primary insuring clause. The contraction of a fatal infection after major surgery, however, is not so unforeseeable as to render it "accidental" within the terms of the policy.

■■■ Generally, death resulting from an operation not necessitated by a prior accidental injury, but voluntarily sought, is not covered by a policy of insurance insuring against death resulting solely from accidental means. This is true even though the death may have been unexpected. (*Preferred Accident Ins. Co. v. Clark* (10th Cir. 1944), 144 F.2d 165; *Pope v. Prudential Ins. Co. of America* (6th Cir. 1928), 29 F.2d 185.) Although the insured certainly does not expect to die, either during surgery or as a result of post-operative complications, this possibility is entirely foreseeable. We cannot assume, nor could a trier of fact be allowed to speculate, that simply because death of the insured followed major surgery, an accidental cause must have intervened. (*Pope v. Prudential Ins. Co. of America.*) Nothing in the present complaint suggests that the death of plaintiff's wife resulted from anything other than reasonably foreseeable complications following a kidney transplant which was

performed without mishap or mistake. Under these circumstances, the trial court correctly ruled, as a matter of law, that plaintiff was not entitled to benefits under the terms of the policy. This case, of course, must be distinguished from one in which the insured's death is caused by some mistake in the performance of the operation. There are no such allegations in plaintiff's complaint and the allegations contained therein were insufficient to withstand defendant's motion for summary judgment.

The authorities cited by plaintiff are readily distinguishable. In *Schleicher v. General Accident, Fire & Life Assurance Corp.* (1926), 240 Ill. App. 247, a normally harmless anesthetic was administered to the insured prior to dental work. The court held the death to be accidental since such a result is extremely rare given the minor risk involved in undergoing dental surgery. The other cases cited by plaintiff involve accidental injuries incurred as a result of an apparently harmless act on the part of the insured. (*Mutual Accident Association v. Barry* (1888), 131 U.S. 100, 33 L. Ed. 60 (insured sustained fatal injuries jumping from a platform); *Christ v. Pacific Mutual Life Insurance Co.* (1924), 312 Ill. 525, 144 N.E. 161 (insured contracted typhoid by drinking from faucet containing polluted water).) In the present case, due to the foreseeability of post-operative complications, the cause of death was not accidental.

For the reasons stated, the order of the circuit court of Cook County granting summary judgment in favor of defendant is affirmed.

Order affirmed.

SIMON, P. J., and RIZZI, J., concur.