(No. 51735

DORA TOWNSHIP *et al.*, Appellees, v. INDIANA IN-
SURANCE COMPANY *et al.* (Indiana Insurance Com-
pany, Appellant).

*Opinion filed February 1, 1980.*

KLUCZYNSKI, UNDERWOOD and RYAN, JJ., dissenting.

John P. Ewart and Gregory C. Ray, of Craig & Craig, of Mattoon, for appellant.

Steven K. Wood, of Wood & Flannell, of Sullivan, for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

On October 10, 1974, while proceeding in a westerly direction on County Road North in Dora Township, Ruby Oye drove through a stop sign and was struck by an automobile proceeding northbound on County Road East. Mrs. Oye suffered fatal injuries, and a wrongful death action was filed by her husband, W. B. Oye, against Dora Township. The complaint alleged that her death was proximately caused by the township's failure to properly maintain the stop sign, which allegedly was in disrepair at the time and was not clearly visible to westbound travelers on County Road North.

Dora Township presented a claim for coverage to the Indiana Insurance Company (Indiana), pursuant to the terms of its comprehensive liability policy. Indiana rejected the claim on the ground that the occurrence fell within an exclusionary endorsement in the policy of insurance. That clause provided:

"In consideration of the premium for which this policy is issued, it is agreed the policy does not apply to any loss or claim arising out of the existence of any highways, roads, streets, sidewalks, culverts or bridges, owned, maintained, repaired or controlled by the named insured."

Dora Township then filed a declaratory judgment ac-

tion in the circuit court of Moultrie County claiming coverage. The court allowed Indiana's motion for judgment, but the appellate court reversed (67 Ill. App. 3d 31). We granted Indiana's petition for leave to appeal.

The question is, of course, whether the claim that Dora Township failed to properly maintain the traffic control sign was excluded under the comprehensive liability policy issued by Indiana.

Though there is no specific mention of traffic control signs or devices in the exclusionary clause, Indiana argues that by referring to the "existence" of highways and streets it is clear that the exclusion was intended to apply to any liability arising from the improper maintenance of a traffic control sign. Dora Township contends that the provision is ambiguous and that under holdings governing the construction of insurance policies this ambiguity is to be interpreted in favor of the insured and coverage.

An insurance policy in which no ambiguity appears is to be read as any other contract, that is, according to the plain and ordinary meaning of its terms. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165; *Cobbins v. General Accident Fire & Life Assurance Corp., Ltd.* (1972), 53 Ill. 2d 285; *Pioneer Life Insurance Co. v. Alliance Life Insurance Co.* (1940), 374 Ill. 576.) In order to ascertain the intent of the parties the court should not examine the policy in a vacuum but should look to the circumstances surrounding the issuance of the policy, such as the situation of the parties and the purpose for which the policy was obtained. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330; *Great Central Insurance Co. v. Bennett* (1976), 40 Ill. App. 3d 165.

The exclusion here was a part of a comprehensive general liability policy, one of four insurance contracts between Dora Township and Indiana. The other three provided uninsured motorist coverage and insurance for automobile property and personal injury liability. In view of the broad and general purposes of a comprehensive lia-

bility policy and the fact that the State of Illinois imposes a duty upon municipalities to properly maintain and repair traffic control devices, which term includes traffic signs (Ill. Rev. Stat. 1977, ch. 95½, pars. 11–304, 11–305), it seems obvious that Dora Township would seek and that it and Indiana would arrange for coverage against liability for any negligent conduct in maintaining these traffic devices.

Indiana argues that there would not be traffic signs but for the existence of highways and roads and therefore any liability arising out of the improper care of these devices is excluded under the contract of insurance. Considering, however, the broad coverage proposed under a comprehensive liability policy and the statutory obligation of the township to maintain traffic devices, the overly simple "but for" contention cannot apply. We do not consider this was the intendment of the parties given the language of the provision and the surrounding circumstances. To accept the "but for" contention here arguably should extend acceptance of it to all other municipal operations, such as street lights, underground sewage systems and water mains which are attributable to the existence of highways or roads. The position argued for by Indiana would not only appear to defeat the purposes for which Dora Township obtained the comprehensive liability coverage but also would work to resolve the ambiguity in the policy in favor of the insurer. Dora Township correctly contends that where language in an insurance policy is subject to different interpretations such ambiguity is to be construed in favor of the insured, and not the insurance company, which drafted the contract of insurance. *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167; *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165; *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 53 Ill. 2d 285; *Barnes v. Powell* (1971), 49 Ill. 2d 449; *Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d

847. See also 13 Appleman, Insurance sec. 7486, at 624 (1976).

The parties have referred us to these three cases in which questions with some similarity to the one before us appeared: *Sherwood v. Stein* (1972), 261 La. 358, 259 So. 2d 876; *Andrus v. Police Jury of Parish of LaFayette* (La. App. 1972), 270 So. 2d 280; *Foreman v. Maryland Casualty Co.* (La. App. 1969), 224 So. 2d 553.

We consider that *Sherwood* most closely resembles our case. There the plaintiff, whose husband was killed in an automobile collision, alleged that his death was caused by the grossly negligent manner in which Jefferson Parish maintained its traffic control system. The insurance company argued its coverage of Jefferson Parish was excluded under an endorsement which provided:

> " 'Such insurance as is afforded under Division I of the Definition of Hazard does not apply to the *existence* of streets and sidewalks of the named insured, and the definition of *premises* does not include such streets and sidewalks.' (Italics ours.)" 261 La. 358, 363-64, 259 So. 2d 876, 878.

The Supreme Court of Louisiana declared that there was not "any clear intent to exclude from coverage the negligent installation or maintenance of a traffic control system at an intersection." 261 La. 358, 364, 259 So. 2d 876, 879.

It can be said that it is not clear whether the language of the exclusionary endorsement was to extend to an occurrence as is involved here, and the ambiguity will be construed in favor of the insured, Dora Township.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE KLUCZYNSKI, dissenting:

I disagree with the conclusion reached by the majority that the exclusionary clause here involved is ambiguous, and I respectfully dissent.

The exclusionary clause here in question provides that

coverage does not extend "to any loss or claim arising out of the existence of" the insured's highways and roads. The majority concludes that an action alleging the negligent maintenance of traffic control signals does not arise out of the existence of highways and roads within the meaning of the exclusionary clause. In my opinion, the plain meaning of the exclusionary clause dictates a contrary result. There is no need to engage in a construction of the clause, since its language is clear. The exclusionary clause should therefore be applied as written, the appellate court judgment should be reversed, and the circuit court's judgment dismissing the insured's declaratory judgment action should be affirmed.

UNDERWOOD and RYAN, JJ., join in this dissent.