SENTRY INSURANCE, Plaintiff-Appellee, *v.* DAVID A. HOGAN *et al.*, Defendants.—(Jacqueline A. Beaver, Adm'r of the Estate of Kathleen A. Gerval, Deceased, *et al.*, Defendants-Appellants.)

First District (3rd Division)   No. 81—439

Opinion filed December 30, 1982.

Coghlan, Joyce and Nellis and Richard W. Hall, both of Chicago (Thomas J. Joyce and Thomas C. Nyhan, of counsel), for appellants. .

Garbutt and Jacobson Associates, of Chicago (Jerome J. Jacobson and Michael D. Johnson, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Sentry Insurance, sought a declaratory judgment that it did not insure David Hogan's 1968 Chevrolet as of October 9, 1978, when the vehicle was involved in an accident which resulted in the death of Kathleen Gerval and serious injuries to Dana Gerval. The circuit court found that "the policy language contained in the Sentry policy operates to exclude coverage of Mr. Hogan's vehicle," and it granted plaintiff's motion for summary judgment. Defendant Jacqueline A. Beaver, administrator of the estate of Kathleen A. Gerval and guardian of the estate of Dana Gerval, appeals. We reverse and remand.

The facts of this case are undisputed. In April 1978, Hogan purchased an inoperable 1968 Chevrolet with the intention to make it operable. Hogan did not purchase insurance for this car. In August 1978, Hogan purchased a 1967 Caprice for which he immediately obtained liability coverage from plaintiff, without informing plaintiff that he also owned a 1968 Chevrolet which at that time did not have an engine in it. Hogan's policy with plaintiff provided:

"We insure the *car* described on the declarations page and any *car you* replace it with. We'll also insure any additional *car you* acquire if we insure, under this insurance, all *cars you* own. But the replacement or addition is insured only if *you* notify us within 30 days of its acquisition." (Emphasis in original.)

Over the Labor Day weekend of 1978, Hogan's Caprice broke down. Hogan did not notify plaintiff that he then junked the Caprice. Subsequently, Hogan worked on his 1968 Chevrolet. On October 9, 1978, Hogan put a battery into his 1968 Chevrolet and took the car for a test drive to get gasoline. On the way home from the gas station, Hogan was involved in the accident which led to this litigation.

The issue here is whether Hogan's 1968 Chevrolet was insured by plaintiff as of October 9, 1978. Defendant argues that the 1968 Chevrolet is either a replacement car or an additional car which falls within the extended coverage provision of Hogan's policy. Plaintiff contends (1) that the 1968 Chevrolet is not a replacement car because it was acquired before the commencement of the policy period, (2) that neither Hogan nor plaintiff intended that the 1968 Chevrolet be covered and (3) that the 1968 Chevrolet is not an additional car because Hogan did not insure all of his cars with plaintiff.

■■ ■ We believe that the first clause of the insurance policy

plainly provides for the insurance of any car which replaces the named vehicle. No limits on the time of acquisition are expressed or implied in this provision. Nevertheless, plaintiff claims that in order for a vehicle to be covered as a replacement, it must be acquired after the commencement of the policy period. In support of its position, plaintiff apparently relies on a subsequent clause in the policy which provides for extended coverage only if the insured notifies the company within 30 days of the acquisition of the replacement. Plaintiff contends that making an inoperable automobile operable, as Hogan did here, is not an acquisition for the purposes of the extended coverage provision of the policy.

We agree with plaintiff that to make an automobile operable is not within the plain, ordinary meaning of "acquisition." However, to use this restriction to limit coverage here, as plaintiff suggests, would be inconsistent with the previous clause in the policy which plainly covers any car which replaces the named car. If an insurance contract contains inconsistent or conflicting clauses, the clause which affords the greater or more inclusive benefit for the insured will govern. (*Iowa National Mutual Insurance Co. v. Fidelity & Casualty Co.* (1965), 62 Ill. App. 2d 297, 303-04, 210 N.E.2d 622, 625.) We believe that the cases which plaintiff cites in support of its position are inapposite, for they discuss the meaning of "acquires ownership" and "newly acquired automobile" and do not do so in conjunction with the meaning of "replacement." Further, since the terms of the policy in this case plainly and unambiguously provide that any car may be a replacement, we need not consider any test for determining what is a replacement vehicle (see, *e.g., United Farm Bureau Mutual Insurance Co. v. Elder* (1981), 86 Ill. 2d 339, 343, 427 N.E.2d 127, 129). Thus, we conclude that in the policy at issue here, the broad replacement clause prevails over any limitation which might be implied by the notice clause, and therefore, Hogan's 1968 Chevrolet was insured as of October 9, 1978. Moreover, the result would be the same even if the issue were viewed as one of ambiguity rather than inconsistency, for ambiguous language is also to be construed in favor of the insured, not in favor of the insurance company which drafted the insurance policy. See *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 379, 400 N.E.2d 921, 922.

Plaintiff also maintains that the parties did not intend that two cars be insured for the payment of one premium. However, we find no merit in this contention because the intent of the parties was not circumvented in this case. Hogan never had both cars in operation at the same time. Thus, plaintiff was never exposed to multiple or unin-

tended risks, but rather, plaintiff's risk was exactly that which it explicitly undertook in extending coverage to any car which replaced the named car. Until receiving notice, plaintiff would never learn when any replacement car became operable. Plaintiff's risk was no greater than it would have been if Hogan had replaced his Caprice with a used but newly acquired 1968 Chevrolet that someone else repaired, a situation where coverage would have been provided under plaintiff's interpretation of the policy.

Since we conclude that Hogan's 1968 Chevrolet is a replacement car within the terms of the policy, we need not address the arguments relating to whether the 1968 Chevrolet was an additional car within the terms of the policy. Accordingly, the summary judgment is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

WHITE, P.J., and McGILLICUDDY, J., concur.