BOARD OF EDUCATION, COMMUNITY UNIT SCHOOL DISTRICT NO. 207-U OF WILL AND KANKAKEE COUNTIES, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—83—0246

Opinion filed January 6, 1984.

Steven Tongren, of Clinton, Tongren & Grim, of Peotone, for appellant.

Ralph C. Murphy, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is a declaratory judgment proceeding sought to declare the rights of the parties to recover attorney fees and costs incurred in a previous lawsuit which defendant, Country Mutual Insurance Company, had refused to defend. In the first lawsuit, Papp, a school principal, sued the school district for breach of his employment contract by wrongfully discharging him. The relief sought by the complaint was reinstatement, an injunction against the School District from hiring anyone to replace Papp, *mandamus* and exemplary and punitive damages in the amount of $600,000. The school district contends in this declaratory action that the legal liability insurance policy issued to the school district by Country Mutual covered the Papp lawsuit and that as a result Country Mutual ·was obligated to defend the Papp lawsuit. The Circuit Court of Will County disagreed and granted defendant's motion for summary judgment dismissing the complaint.

Two issues are now before this court. First, whether Country Mutual should have directly defended the Papp lawsuit and second, whether the attorney fees and costs of the Papp lawsuit are covered under the coverage provision of the policy. Both issues require an analysis of the coverage of the legal liability policy because the duty to defend is limited to a civil suit alleging a wrongful act which is covered under the terms of the policy.

■ General rules of contract construction govern the interpretation of insurance policies. If there is no ambiguity as to the policy terms, the policy must be read as any other contract according to the plain and ordinary meaning of its terms. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921.) The policy provision which defines the insurance company's obligation to defendant states:

"II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS

With respect to such insurance as is afforded by this Policy, the company shall:

A. Defend any civil suit against the Insured or any of them, alleging a Wrongful Act which is covered under the terms of this policy ***."

Wrongful Act is defined in the definitions section of the policy

"D. Wrongful Act means any and all of the following: actual or alleged errors, misstatement or misleading statement, act or omission or neglect or breach of duty by the Insured, individually or collectively, in the discharge of School District duties, or any matter claimed against them solely by reason of being or having been the Insured during the policy period."

The policy provisions alone appear to cover a broad spectrum of wrongful acts. However, as this court recognized in *Community Unit School District No. 5 v. Country Mutual Insurance Company* (1981), 95 Ill. App. 3d 272, 419 N.E.2d 1257 a policy must not be examined in a vacuum. The court must look to the surrounding circumstances to determine the intent of the parties. Both parties admit that the policy was purchased to comply with the mandate of section 10—20.20 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 10—20.20). Therefore, we must also consider section 10—20.20 as it affects the coverage of the policy itself. Section 10—20.20 mandates that a school district provide protection and indemnity for itself and its employees "against civil rights damage claims and suits, constitutional rights damage claims and suits and death and bodily injury and property damage claims and suits, including defense thereof, when damages are sought for negligent or wrongful acts alleged to have been committed in the scope of employment or under the direction of the board."

■ The statutory description of required coverage limits the type of claim considerably. Because there is no question that the Country Mutual policy was issued to comply with the statutory mandate the questionable claim must be analyzed both under section 10—20.20 and the applicable policy provisions. We find that Papp's claim for breach of his employment contract was not meant to be afforded the protection of section 10—20.20 for two reasons. First, Papp's claim is neither a civil rights or constitutional rights claim nor is it a personal injury or property damage claim as described in section 10—20.20. Second, the statute limits coverage to claims for which damages are sought. The relief sought in the Papp complaint was a writ of *mandamus* to order the School District to reinstate Papp, an injunction against the school district to prevent them from hiring someone to replace Papp and punitive and exemplary damages. Nowhere in the complaint did plaintiff Papp ask for compensatory damages. This court in *Ladd Construction Company v. Insurance Co. of North America* (1979), 29 Ill. App. 3d 43, 47, 391 N.E.2d 568, 572, found that a duty to defend must not be based upon speculation as to the inherent power of a court to award monetary damages when none are

prayed for because such a holding would alter the responsibilities between the parties and obligate insurers to defend all suits regardless of the insurance policy provisions. No actual damages were prayed for and coverage for exemplary and punitive damages is specifically excluded by the policy.

For the foregoing reasons, we affirm the decision of the Circuit Court of Will County granting defendant's motion for summary judgment and dismissing plaintiff's complaint.

Affirmed.

ALLOY and BARRY, JJ., concur.