# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Pekin Insurance Co. v. Tovar Snow Professionals, Inc.*, 2012 IL App (1st) 111136

| | |
|---|---|
| Appellate Court Caption | PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. TOVAR SNOW PROFESSIONALS, INC., and ANN HOLLAND, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1136 |
| Filed | May 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking a declaratory judgment that plaintiff insurer had no duty to defend defendant snow removal company in the underlying action alleging injuries suffered by a person who slipped and fell as a result of defendant's snow removal activities, summary judgment was properly entered for the snow removal company, notwithstanding the insurer's contentions that the commercial general liability policy it issued to a concrete company, which then subcontracted with the snow removal company, restricted additional coverage endorsements to construction contracts by the use of the word "construction" in the endorsement heading, since ambiguities in insurance policies are resolved in favor of the insured, Illinois law clearly provides that a heading or caption of a policy does not modify coverage provided by the actual policy language, and in the instant case, the facts of the fall were within the coverage provided by the actual text of the policy, despite the language in the heading. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-16348; the Hon. Peter A. Flynn, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Pretzel & Stouffer, Chtrd., of Chicago (Robert Marc Chemers and Peter G. Syregelas, of counsel), for appellant. |
| | Hunt Law Group, LLC, of Chicago (Brian J. Hunt and Jake A. Cilek, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion. |
| | Justices Cunningham and Harris concurred in the judgment and opinion. |

## OPINION

¶ 1     Pekin Insurance Company (Pekin), a commercial general liability insurer, brought an action against Tovar Snow Professionals, Inc. (Tovar), and Ann Holland for a declaratory judgment that Pekin did not owe Tovar a duty to defend in the underlying lawsuit brought by Ann Holland for alleged personal injuries due to Tovar's negligent snow removal activities. The circuit court entered summary judgment in favor of Tovar and against Pekin. Pekin appeals the judgment.

¶ 2                                                          Background

¶ 3     This case originated via a slip and fall negligence lawsuit filed in the circuit court by Ann Holland against Tovar and Dunleavy Concrete, Inc. (Dunleavy), arising out of their snow and ice removal activities where Holland fell. Tovar tendered the defense of the Holland lawsuit to Pekin pursuant to the terms of Tovar's subcontract with Dunleavy. Pekin had issued a commercial general liability insurance policy to the subcontractor Dunleavy for the period in question which covered Tovar via a blanket automatic additional insured endorsement applicable to any written contract Dunleavy entered into requiring such coverage. Pekin denied coverage and sought a declaratory judgment absolving it from any responsibility.

¶ 4     Pekin and Tovar filed cross-motions for summary judgment regarding Tovar's claim that it is covered under the Pekin insurance policy issued to Dunleavy. Pekin argued that the insurance policy it issued to Dunleavy restricted additional coverage endorsements only to construction contracts and did not include activities related to snow and ice removal because the word "construction" appeared as a limiting adjective in the endorsement heading in the insurance contract.

¶ 5     The trial court ruled that pursuant to applicable Illinois law, an isolated, undefined word in a title or heading cannot operate to modify or restrict insurance coverage that is otherwise

-2-

expressly conveyed in the text of an insurance policy. The trial court ruled that because the text of the insurance policy issued by Pekin plainly and clearly afforded coverage to Tovar, it granted summary judgment in favor of Tovar and against Pekin. For the reasons stated herein, this court affirms the circuit court ruling.

¶ 6                                       Standard of Review

¶ 7        The applicable standard of review for a ruling on a motion for summary judgment is *de novo. Home Insurance Co.v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 8                                            Analysis

¶ 9        Summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. *Kajima Construction Services, Inc. v. St. Paul Fire & Marine Insurance Co.*, 227 Ill. 2d 102, 106 (2007). In this insurance coverage dispute, the parties agree that there are no material factual disputes. The sole dispute concerns whether or not the construction of the insurance policy affords Tovar the ability to tender its defense of the underlying Holland negligence lawsuit to Pekin.

¶ 10       Tovar, relying on the fact that it was an additional insured under the insurance policy Pekin issued to Dunleavy, tendered its defense of the Holland suit to Pekin.

¶ 11       The contract language Pekin relied upon in denying coverage to Tovar as an additional insured is as follows:

"**1. Additional Insured–When Required By Written Construction Contract For Ongoing Operations Performed By You For An Additional Insured and/or Your Completed Operations**

A. With respect to coverage afforded under this section of the endorsement, **Section II–Who is An Insured** is amended to include as an insured any person or organization for whom you are performing operations, when you and such person or organization have agreed in a written contract effective during the policy period stated on the Declarations Page (hereinafter referred to as the 'Policy Period') and executed prior to the 'bodily injury' or 'property damage' for which coverage is sought, that you must add that person or organization as an additional insured on a policy of liability insurance (hereinafter referred to as the 'Additional Insured').

The Additional Insured is covered only with respect to vicarious liability for 'bodily injury' or 'property damage' imputed from You to the Additional Insured as a proximate result of:

(1) Your ongoing operations performed for that Additional Insured during the Policy Period; or

(2) 'Your work' performed for the Additional Insured during the Policy Period, but only for 'bodily injury' or 'property damage' within the 'products–completed operations hazard.' "

¶ 12       There are no contested issues arising from the language contained in section A other than whether the text really meant to include all written contracts. There are no contested issues

regarding whether the agreement was entered into during the policy period or whether or not it was executed prior to the damages for which coverage is sought or whether there existed a requirement that Tovar be added as an additional insured. The only issue is whether the text of section A, which includes all written contracts, defines "Who is An Insured," or whether the heading/title/caption language of "Written Construction Contract" limits the definition of "Who is An Insured."

¶ 13    Pekin argues that the insurance policy covered only "construction" activities and that the allegations of the underlying negligence action involving Holland are concerned only with snow and ice removal. Because snow and ice removal are not construction activities stemming from a construction contract, Pekin denied coverage and sought declaratory relief. However, as one can readily see from the quoted text above, the term "construction" appears only in the title or caption of the endorsement. The specific wording in the text of the endorsement contains no such limitation on the type of contract covered other than that they be written contracts. Pekin never defined the term "construction" and the term "construction" was used only in the heading and was omitted from the text of the provision that followed. The only limiting word in the text for any contracts covered by Pekin was the term "written." This policy language is similar to that interpreted by our supreme court's decision in *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d 163, 174-75 (2008) (citing 2 Mark S. Rhodes, Couch Cyclopedia of Insurance Law § 15:57, at 302 (2d rev. ed. 1984)), which held that a contract term only used in a heading and not in the text and otherwise not defined cannot properly be imposed on an insured to exclude coverage. The policy language is also similar to that interpreted in *Nudi Auto RV & Boat Sales, Inc. v. John Deere Insurance Co.*, 328 Ill. App. 3d 523, 532 (2002), where this court held that even though the title of a section of the insurance contract read " 'False Pretense Coverage,' " the relevant text of the provision contained no mention of any intent to defraud and the text of the provision stated that *any* auto acquired by the dealer was a covered auto under the "false pretense coverage."

¶ 14    Pekin cites two statutory construction cases for the proposition that, in construing a statute, one should interpret any specific provision within the context of the entire statute including the statute headings under which the specific provisions appear. *Daniels v. Corrigan*, 382 Ill. App. 3d 66, 73 (2008); *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 362 Ill. App. 3d 652, 659 (2005) (citing *People v. Warren*, 173 Ill. 2d 348, 357 (1996)). However, we are not dealing with statutory construction but the terms of an insurance policy. Further, the *Illinois Bell* court acknowledged that even in the context of statutory construction, "case law warns against putting undue emphasis on organizational devices. Headings cannot limit the plain meaning of the text ***." (Internal quotation marks omitted.) *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 362 Ill. App. 3d at 661. The law is clear in Illinois that a heading or caption or title to a section of an insurance policy does not modify the coverage provided by the actual textual language appearing in the policy. *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d at 174-75; *Nudi Auto RV & Boat Sales, Inc. v. John Deere Insurance Co.*, 328 Ill. App. 3d at 532. Even in statutory construction, the *Illinois Bell* court held that "[a]s a rule[,] the words of the heading[ ] being more general[ ] will not control the more specific words of the act." (Internal quotation marks omitted.) *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 362 Ill. App. 3d at 662. The actual

text of the Pekin insurance policy endorsement affords coverage to "a written contract effective during the policy period." The word "contract" is not limited only to construction contracts, but requires only a "written contract."

¶ 15    An insurer's duty to defend its insured is quite broad. *Guillen v. Potomac Insurance Co. of Illinois*, 203 Ill. 2d 141, 150 (2003) (citing *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108 (1992)). In order to determine whether the insurer's duty to defend has arisen, the court must compare the allegations of the underlying complaint to the policy language and must construe these items liberally. *Pekin Insurance Co. v. XData Solutions, Inc.*, 2011 IL App (1st) 102769, ¶ 7 (citing *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991)). The law in Illinois has long been that ambiguities and doubts in insurance policies are resolved in favor of the insured, especially those that appear to exclude coverage. *Dora Township v. Indiana Insurance Co.*, 78 Ill. 2d 376, 379 (1980); *United States Fidelity & Guaranty Co. v. Specialty Coatings Co.*, 180 Ill. App. 3d 378, 384 (1989). In this case, Pekin does not argue that the rule of construction applicable to insurance contracts which directs this court to construe ambiguities in favor of the insured should not apply.

¶ 16    Pekin attempts to distinguish this case from established case precedent by arguing that the bold language that is preceded by numeral "1.," which reads "**Additional Insured–When Required By Written Construction Contract for Ongoing Operations Performed By You For An Additional Insured and/or Your Completed Operations,**" is not really a heading or title or caption, but really is part of the text of this section**.** This argument falls flat. The above-quoted section has all the hallmarks of a caption/heading/title as one would normally use such a device. It appears at the beginning. The lettering is in bold typeface. It utilizes an explanatory phrase rather than a sentence structure. Each word in the phrase begins with a capital letter. That is not to say that nonbolded, noncapitalized phrases or sentences cannot serve as headings or captions or titles, too. However, in this case, the argument must be rejected where we are asked by Pekin to read this section as if the abovequoted words are to precede each subsection as text rather than as a caption/heading/title. There are no indications anywhere in the policy or in the above-quoted section indicating that it is meant to be the beginning phrase or element of each sub-section that follows it. In fact, the many stylistic conventions for a heading/title/caption are utilized to indicate it is not text and to flag it as a heading/title/caption of this section, including that it appears as the introductory statement. Additionally, when attempting to actually read the abovequoted words as the first part of each subsection that follows, we are left with an ungrammatical, poorly punctuated jumble of sentences that would be the antithesis of a clearly written policy of insurance coverage.

¶ 17    It is clear from the underlying complaint, the actual text of the insurance policy language and the purpose for which the insurance policy was written for Dunleavy that the facts of the accident brought the Holland lawsuit within the insurance policy coverage despite the language in the heading of the endorsement section which Pekin argues limited the text to construction contracts only.

¶ 18                              Conclusion

¶ 19        For the foregoing reasons, the general liability insurer in this case, Pekin Insurance Co.,
has a duty to defend Tovar Snow Professionals, Inc., as an additional insured for a claim
arising out of a lawsuit brought by Ann Holland, who fell at the site following Tovar's snow
removal work. The circuit court did not err in finding Pekin had a duty to defend Tovar in
the underlying tort lawsuit.

¶ 20        Affirmed.